Barbara W. Gallagher, Esq.
Nevada Bar No. 005315
KIDWELL & GALLAGHER, LTD.
790 Commercial Street
Elko, Nevada 89801
(775) 738-1000 – Telephone
(775) 753-8600 – Facsimile
Barbara@kidwellgallagher.com
Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# STATE OF NEVADA

| | |
|---|---|
| MARK TRAIL, AN INDIVIDUAL; AND CHARLIE SANTO, AN IDIVIDUAL,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | CASE NO.: 3:22-cv-00028<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>**FILED PURSUANT TO ECF 9** |

Pursuant to Fed. R. Civ. P. 16 and ECF #9 filed herein, the parties hereby submit their Joint Case Management Report.

1. **Nature of the Case:** This is an automobile collision involving a Bureau of Indian Affairs ("BIA") Police Officer and two civillians. The complaint alleges: On July 4, 2020, at 8:07 pm., Plaintiff Mark Trail was the properly restrained passenger of his 2014 Ford which was driven by Plaintiff Charlie Santo. BIA Officer William Watkins, was driving a Dodge Charger, a BIA police vehicle, and an allegedly combative prisoner was present in the back seat. They were traveling westbound in number one lane on Idaho Street without siren, in Elko, Nevada. While passing through a controlled intersection with a red light, the front of

1

Mr. Watkin's vehicle struck the left front of Mr. Trail's vehicle. As a result, Mr. Trail's vehicle rotated 180 degrees and flipped on its top. A Traffic Collision Report was prepared by Elko Police Department, which determined that Mr. Watkins caused the collision. Defendant plans to refute some or all of the allegations in the complaint.

Plaintiffs have alleged a cause of action for Negligence. Defendant has made general denials and have raised Seventeen Affirmative Defenses including the following: lack of subject matter jurisdiction; failure to state a claim upon which relief can be granted; the claims do not allege a negligent or wrongful act by an employee of the Government; Defendant, through its employees and agents, acted with due care and diligence at all relevant times; the Defendant's acts or omissions were not the proximate cause of any injury to Plaintiffs; the superseding and intervening negligence of third parties broke any causal connection between Defendant's negligence and Plaintiffs' alleged injury thereby cutting off the legal effect of Defendant's negligence; contributory negligence on behalf of Plaintiffs; Plaintiffs are not entitled to a jury trial; Plaintiffs injuries and damages were not proximately caused by the negligence of any employee Defendant acting withing the scope and course of his or her employment; Plaintiffs' recovery is limited to the damages recoverable under the Federal Tort Claims Act; Plaintiffs' recovery, if any, is limited to the amount sought by them administratively; Plaintiffs' damages were caused by their own negligence, carelessness, or recklessness; Plaintiffs' recovery is diminished or barred by the comparative fault of Plaintiffs and/or the fault of other defendants or of non-parties; Plaintiffs' recovery, if any, should be offset by credits available by law or regulation, including, but not limited to, those available as a result of benefits paid to or on behalf of Plaintiffs by any federal agency; Pursuant to 28 U.S.C. 2412(d)(1)(A, Plaintiffs cannot recover attorney's fees; Plaintiff have

failed to effectuate proper service of process on Defendant; and Pursuant to 278 U.S.C. 2674, Plaintiffs are prohibited from recovering any amount of pre-judgment interest or punitive damages against Defendant.

2. **Jurisdictional Bases:** This case is brought under the Federal Tort Claims Act, 28 U.S.C. 2671 *et seq.* This Court maintains exclusive subject-matter jurisdiction over this matter pursuant to 28 U.S.C. 13469(b)(1).

3. **Addition of Parties or Amendment of Pleadings:** At this time, no amendments of the pleading or the addition of parties are expected.

4. **Pending Motions:** There are currently no pending motions before the court.

5. **Relation of this Case to any Other Case:** This case is not related to any other case pending before this court or any other court, including bankruptcy court.

6. **Discovery Plan:**

    a. **Date the Rule 26(f) Initial Disclosures were provided or will be provided:** July 1, 2022.
    b. **Written Discovery Completed to Date:** None thus far.
    c. **Anticipated Need for a Protective Order:** None.
    d. **Special Requests/Issues re Timing of Discovery:** The parties have requested an extended discovery schedule because: 1.) due to Covid-19, the processing times to obtain medical, employment, and other records are much longer than normal; 2.) The calendar for Plaintiffs' and Defendant's attorneys are busier than normal with many deadlines in other cases in the coming months; 3.) Defendant's counsel's office has been understaffed due to a hiring freeze and that hiring feeze was only recently lifted.
    e. **Location of Necessary Discovery:** All necessary discovery is anticipated within the District of Nevada.
    f. **Number of Depositions Each Party is Planning:** Plaintiffs anticpate 1-2 depositions and Defendants anticipate 2 depositions.

7. **Statement re ESI:** At this time, there is no ESI discovery anticipated.

8. **Discovery Plan and Deadlines:**
    1. **Close of Discovery:** January 22, 2023

2.  **Deadline to Amend Pleadings or Add Parties:** October 25, 2022
3.  **Expert Disclosures:** Intiail Disclosures shall be due November 24, 2022, with Rebuttal Disclosures being due December 24, 2022.
4.  **Deadline for Filing Dispositive Motions:** February 21, 2023
5.  **Deadline for the Parties to File a Joint Pretrial Order:** March 21, 2023.

**"SPECIAL SCHEDULING REVIEW REQUESTED"** for the reasons stated in 6(d) above.

9. **Statement Regarding Jury Trial:** Plaintiffs are not entitled to a jury trial pursuant to 28 U.S.C. 1346.

10. **Possibility of Settlement:** At this time, the parties are not prepared to discuss settlement. They would prefer to conduct some discovery first.

11. **The parties have elected not to proceed before a Magistrate Judge.**

12. **Bifurcation or Phasing of Trial:** Not requested at this time.

13. **No Case Management Conference is requested at this time.**

DATED this 3rd day of June, 2022.                         DATED this 3rd day of June, 2022.

KIDWELL & GALLAGHER, LTD.                                 RANALLI, ZANIEL FOWLER & MORAN

*/s/ Barbara W. Gallagher*                                */s/ Holly A. Vance*
Barbara W. Gallagher, Esq.                                Holly A. Vance, Esq.
Nevada Bar No. 005315                                     Nevada State Bar No.:
790 Commercial Street                                     400 South Virginia Street, Ste. 900
Elko, Nevada 89801                                        Reno, Nevada 89501
(775) 738-1000 – Telephone                                (775) 784-5438-Telephone