JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709

R. THOMAS COLONNA
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Richard.Colonna@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Mark Trail, an individual; and Charlie Santo, an individual,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>United States of America,<br><br>　　　　　Defendant. | Case No. 3:22-cv-00028-MMD-CLB<br><br>**Order Granting Stipulation for Exception to Settlement Conference Attendance Requirements for the United States** |

Plaintiff Mark Trail, and Defendant the United States of America, through counsel of record, stipulate and request that the Court allow Assistant United States Attorney ("AUSA") R. Thomas Colonna to participate in the upcoming settlement conference for this case as the sole representative for the United States.

This is a personal injury case arising out of an automobile accident. The Court has set this case for a settlement conference to be held on June 21, 2023, at 9:00 a.m. (ECF No. 21). The order scheduling the settlement conference mandates that

> The attorneys who will try the case, the parties, and the person or persons who have full authority to negotiate and settle the case, on any terms, must <u>personally attend</u> the virtual settlement conference and are required to be present on the video for the entirety of the conference without exception. This requires the presence of the attorney's client, or if a corporate, governmental, or other organizational entity, an authorized representative of the client. For a defendant, such representative must have final settlement authority to commit the organization to pay, <u>in the representative's own discretion</u>, a settlement

> amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.
>
> ….
> Any exceptions to the above attendance requirements must be requested by a motion to the court no later than one-week prior to the scheduled virtual settlement conference.

(ECF No. 21 at 1–2).

The United States is unlike any other party because it is "the most frequent litigant in federal court." *United States v. U.S. Dist. Court for N. Mariana Islands*, 694 F.3d 1051, 1058–59 (9th Cir. 2012), *as amended* (Oct. 16, 2012). Because the government handles a very large number of cases, it would be impractical, if not physically impossible, for those with settlement authority to prepare for—and appear at—all settlement conferences. *Id.* at 1059. The Advisory Committee notes to the 1993 amendments to Federal Rule of Civil Procedure 16 acknowledge the unique position that the federal government occupies as a litigant:

> Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility.

Fed. R. Civ. P. 16 advisory committee's note.

The government delegates settlement authority to select individuals to promote centralized decision-making. *U.S. Dist. Court for N. Mariana Islands*, 694 F.3d at 1059–60. Centralized decision-making promotes three important government objectives. *Id.* First, it allows the government to act consistently in important cases. *Id.* Second, centralized decision-making allows the executive branch to pursue policy goals more effectively by placing ultimate authority in the hands of a few officials. *Id.* Third, by giving authority to high-ranking officials, centralized decision-making better promotes political accountability. *Id.* In light of these principles, the Ninth Circuit has determined that district courts should adopt a "practical approach" in deciding whether to require a government representative with full settlement authority to attend a pre-trial conference. *Id.* at 1061 (quotation omitted). Only as a "last resort" should the district court require an official with full

2

settlement authority to participate in a pre-trial conference in person. *Id.* (quotation omitted).

The ultimate authority to settle this case rests with officials at the Department of the Interior, Bureau of Indian Affairs, the United States Attorney's Office for the District of Nevada, and officials within the Department of Justice, depending on the amount involved, and whether the client agency and Department of Justice officials agree with the proposed resolution. 28 C.F.R. § 0.168(a). It is not feasible, however, for these officials to attend all settlement conferences. Moreover, AUSAs routinely participate in settlement conferences in this district as the United States' sole settlement representatives. Before the settlement conference, the AUSA discusses the case with the officials who have settlement authority to determine the range of settlement offers the United States would accept. This approach has not hampered settlement discussions or impeded settlement in the hundreds of settlement conferences in which the United States has participated over the years. In fact, hundreds of cases involving the United States have settled over the years using this approach.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the parties stipulate and request that the Court allow AUSA R. Thomas Colonna to participate in the settlement conference as the sole representative for the United States. AUSA Colonna will brief the appropriate government officials on the case before the settlement conference to ensure the United States' meaningful participation. Should it be necessary, AUSA Colonna will provide further recommendations to appropriate government officials via telephone during the settlement conference.

Respectfully submitted this 13th day of June 2023.

| | |
|---|---|
| JASON M. FRIERSON<br>United States Attorney<br><br>*/s/ R. Thomas Colonna*<br>R. Thomas Colonna<br>Assistant United States Attorney<br>501 Las Vegas Blvd. So., Suite 1100<br>Las Vegas, Nevada 89101<br>*Attorney for Defendant* | KIDWELL & GALLAGHER, LTD.<br><br><br>*/s/ Barbara W. Gallagher*<br>Barbara W. Gallagher, Esq.<br>Nevada Bar No. 5315<br>790 Commercial Street<br>Elko, Nevada 89801<br>*Attorney for Plaintiff* |

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED: June 13, 2023